23-7861-cv
*Ross v. Cavalry Portfolio Servs. LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

DANIELLE ROSS,

> *Plaintiff-Appellant,*

v.                                                                          23-7861

CAVALRY PORTFOLIO SERVICES, LLC,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          Danielle Ross, *pro se*, Brooklyn, New York.

FOR DEFENDANT-APPELLEE:          Thomas R. Dominczyk, Maurice Wutscher, LLP, Flemington, New Jersey.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on October 27, 2023, is **AFFIRMED**.

Plaintiff-Appellant Danielle Ross, proceeding *pro se*, appeals from the district court's dismissal of her amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Ross sued Cavalry Portfolio Services, LLC ("Cavalry"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and New York General Business Law ("GBL") § 349, as well as common-law "professional malpractice" in its role as a licensed debt collector. More specifically, Ross alleged that Cavalry continued to communicate with her, after she told it not to do so, by reporting to credit reporting agencies that she was delinquent in paying her debt. The district court dismissed the amended complaint in its entirety. *See Ross v. Cavalry Portfolio Servs., LLC*, 701 F. Supp. 3d 211 (E.D.N.Y. 2023). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review a dismissal for failure to state a claim *de novo*, assessing whether the facts pleaded in the complaint and set out in its attachments, taken as true and with all reasonable inferences drawn in the plaintiff's favor, together state a plausible claim to relief. *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). Because Ross has proceeded *pro se* throughout the course of this litigation, we construe her filings to raise the strongest arguments they suggest. *Id.*

Under this standard, we conclude that the district court properly dismissed the amended

2

complaint for failure to state a claim. Ross alleges in her amended complaint that Cavalry violated the FDCPA by reporting her alleged debt to credit reporting agencies without her consent and in spite of her letter to Cavalry, dated September 16, 2021, noting her refusal to pay and requesting that Cavalry "cease further communication with" her and "remove any communication to the consumer reporting agencies about the alleged debt." App'x at 31. Ross also alleges that on the day Cavalry received that letter, October 4, 2021, it sent her a notice substantiating the debt she owed and stating that it would proceed with debt collection activity.

These allegations do not raise a plausible claim under the FDCPA.[1] Section 1692c(c) of the FDCPA provides that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further *with the consumer* with respect to such debt, except" under certain enumerated circumstances. 15 U.S.C. § 1692c(c) (emphasis added). The amended complaint does not allege that Cavalry sent any communications to Ross after October 4, 2021; rather, it alleges that Cavalry's subsequent communications to the credit reporting agencies constituted "communicating indirectly" with her, after she requested that communications with her cease, in violation of this Section 1692c(c) provision. App'x at 9–10. Such allegations are insufficient to state a claim for relief based on violations of the FDCPA. Indeed, reporting information to the credit reporting agencies is expressly permitted under Sections 1692c(b) and 1692d(3), and Ross does not allege that Cavalry

---

[1] Because we conclude that the district court correctly dismissed all the FDCPA claims for failure to state a plausible claim, we need not address the district court's alternative ruling that some of those claims were also time-barred.

3

reported her debt to any other third parties or that Calvary failed to advise the credit reporting agencies that the debt was disputed. In fact, the exhibits to the amended complaint confirm that the information supplied to the credit reporting agencies noted that the account information was disputed by Ross. Moreover, Ross does not allege that Cavalry communicated with a third party in order to obtain her "location information," and thus fails to plausibly allege a violation of Section 1692b(2). Nor does she provide any allegations to support her conclusory assertion, made for the first time in her opposition to the defendant's motion to dismiss, that Cavalry reported the alleged debt to credit reporting agencies before Cavalry substantiated the debt.[2] *See* 15 U.S.C. § 1692g(b). Similarly, Ross does not plead any facts that plausibly suggest that Cavalry "engage[d] in any conduct the natural consequence of which is to harass, oppress, or abuse any person," 15 U.S.C. § 1692d, used "any false, deceptive, or misleading representation," 15 U.S.C. § 1692e, or used any "unfair or unconscionable means," 15 U.S.C. § 1692f, in connection with its attempt to collect a debt.

In sum, the amended complaint fails to state a plausible claim under the FDCPA with respect to Cavalry's communications with Ross or third parties regarding her disputed debt. For the same reasons, the district court properly determined that Ross did not allege facts sufficient

---

[2] To the extent that Ross also asserts that the October 4 communication with her constitutes a separate violation of Section 1692c(c), the district court correctly concluded that such a claim does not survive a motion to dismiss. That letter stated, "[p]er your request, please find enclosed the substantiation of your debt. Your account is now subjected to resumption of collection efforts." App'x at 23. This language made clear that Cavalry interpreted Ross's notice of refusal to pay as a dispute of the debt, and responded with the substantiation of the debt. Ross failed to plausibly state how Cavalry's substantiation of the debt in a letter to Ross, in response to her dispute regarding that debt, constituted a violation of Section 1692c(c), particularly where the FDCPA *required* Cavalry to provide her with notification of the specific remedy it sought to invoke before it could attempt to collect the debt. *See* 15 U.S.C. § 1692c(c)(2), (3); *id.* § 1692g(b).

to state a plausible violation of General Business Law § 349 (prohibiting "[d]eceptive acts or practices"), or a professional "malpractice" claim. *See Ross*, 701 F. Supp. 3d at 227 (citing *Hydro Invs., Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000)).

*       *       *

We have considered Ross's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5